THE GRANITE STATE PROVIDENT ASSOCIATION

*v.*

JOHN H. LLOYD.

*Filed at Springfield, May 8, 1893.*

1. CORPORATIONS—*foreign corporations governed by the laws relating to domestic corporations.* Under sec. 26, ch. 32, R. S., where a foreign corporation of any kind comes into this State to transact business, it must conform to the law of this State, if it exists, regulating similar corporations organized under the general laws of this State. Foreign corporations, doing business in this State, are placed on an equality with domestic corporations, to the extent that they shall exercise no greater or different powers, and are made subject to the same regulation and restrictions and governed by the same rules of law, in these respects.

2. HOMESTEAD AND LOAN ASSOCIATION—*right of stockholder to withdraw from company doing business in this State.* A stockholder, in a corporation organized under the laws of New Hampshire, transacting the business of a homestead and loan association in this State, will have the right to withdraw from the same and recover back the payments made by him, although contrary to the conditions annexed to his certificate of stock. A foreign corporation doing a homestead and loan business in this State will be governed by the laws of this State, as to the right of a stockholder to withdraw.

3. The act, entitled: "An act to enable associations of persons to become a body corporate, to raise funds to be loaned only among members of such association," approved July 1, 1879, is a general law of the State; and all homestead loan associations formed in this State must be organized under that general law, and can have no legal existence unless they are so organized.

GRANITE STATE PROVIDENT ASS'N *v.* LLOYD.    621

Statement of the Case.    Opinion of the Court.

APPEAL from the Appellate Court for the Third District; —heard in that court on appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Appellee recovered judgment against appellant in the Circuit Court of Sangamon county for $30, being the amount of payments made by him as a stockholder in the appellant corporation, holding a charter from the State of New Hampshire, authorizing it to transact in that, and other States, the business of a homestead and loan association. The cause was appealed to the Appellate Court, where said judgment was affirmed, whereupon appellant appeals to this court.

It appears, that pursuant to the charter and by-laws of the appellant corporation local clubs or branches might be formed, whenever a sufficient number of shareholders could be obtained. Such a club was formed in Springfield in the year 1890. The appellee subscribed for five shares of stock in that club and made the first payment of one dollar per share thereon, through one Charles Werner, who assumed to represent the appellant. A certificate of stock was furnished him by appellant through said Werner, and he made five subsequent, monthly, payments thereon. It appears that there was upon the back of the certificate of stock this condition. "Section 28; The certificate of any member is redeemable in cash, after twenty-four payments thereon have been made, the shareholders being entitled to receive the amount paid in on his shares, together with 6 per cent interest."

Mr. CHARLES E. SELBY and Messrs. CONKLING & GROUT, for the appellant.

Mr. E. L. CHAPIN, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

The judgment of the Appellate Court having conclusively settled all questions of fact in this case, the only point to

be decided by us is the naked legal question, had the plaintiff below the right to withdraw, etc., upon complying with the provisions of our statute relating to "Homestead and Loan Associations," notwithstanding the above condition indorsed on his certificate of stock? Section six of the Homestead Association act of this State (ch. 32, R. S., S. & C., vol. 1, p. 630) provides that, "any stockholder wishing to withdraw from said corporation shall have power to do so, by giving thirty days' notice of his or her intention to withdraw." Counsel for appellant contend that, this section does not apply to foreign "Homestead Loan Associations," where the law under which they are organized provides differently, and as the condition upon the back of said certificate required twenty-four payments, and appellee had only made six, he could not withdraw upon giving thirty days' notice. In other words, that the provisions of the charter of the corporation, as evidenced by said condition, controlled the right of the shareholder to withdraw, and not the statute of this State regulating similar associations.

Section 26, p. 619, of the chapter of the statute above referred to, provides: "foreign corporations, and the officers and agents thereof, doing business in this State, shall be subjected to all the liabilties, restrictions and duties that are or may be imposed upon corporations of like character organized under the general laws of this State, and shall have no other or greater powers."

In describing the object and scope of that section, this court, in the case of *Stevens* v. *Pratt et al.*, 101 Ill. 206, used the following language: "It does not assume to define what foreign corporations shall be allowed to do business in this State, but simply to impose regulations and restrictions upon certain named classes or kinds of foreign corporations doing business in this State, that is, those of like character as it is provided may be formed under that general law. Its exact words are, 'foreign corporations, and the officers and agents thereof  *  *  *  *  shall be subject to all

the liabilities  *  *  *  *  and have no other or greater powers.' The language is entirely that of regulation and restriction, and not that of grant or prohibition. No corporation is granted the right to do business in the State. No corporation is excluded from doing business in this State. Simply, foreign corporations, and the officers and agents thereof, doing business in this State, are placed on an equality to the extent that they shall exercise no greater or different powers, and shall be subject to the same regulations and restrictions, and governed by the same rules of law, in these respects, with corporations of like character, organized or to be organized under the general laws of this State. The meaning will obviously not be changed, but may be placed in a stronger light by a little transposition of language, thus: where the general laws of this State provide for the organization of corporations, foreign corporations of like character doing business in this State, shall exercise no greater or different powers, and shall be subject to the same liabilties, restrictions and duties. The manifest and only purpose was to produce uniformity in the powers, liabilities, duties and restrictions of foreign and domestic corporations of like character, and bring them all under the influence of the same law."

We think this language clearly shows that under said section 26, when a foreign corporation of any kind comes into this State, to transact business, it must conform to the laws of this State, if such exist, regulating similar corporations organized under the general laws of this State; also that no law of comity between this and other States is thereby violated; it being simply a law of regulation, and in no sense one of prohibition.

But counsel for appellant contend that said section can not be applied to this appellant corporation, because they say "Homestead Loan Associations, in this State, are not organized under the general incorporation laws of this

State.'' The act entitled: ''An act to enable. associations of persons to become a body corporate, to raise funds to be loaned only among the members of such association,'' in force July 1, 1879, (S. & C., p. 629), is certainly a general law of this State. All ''Homestead Loan Associations'' in this State must be organized under that general law, and can have no legal existence unless they are so organized. Even if it could be maintained that said act is no part of the general incorporation law of this State, which we do not think can be done, still section 26 would apply. Its language is, ''organized under the general laws of this State.''

We can conceive of no line of reasoning, or argument, which can make it clearer that the above mentioned statute is a general law of this State, than is apparent from the reading of the act itself.

We are satisfied with the judgment of the court below, and it will be affirmed.* *Judgment affirmed.*

---

*THE GRANITE STATE PROVIDENT ASSOCIATION *v.* CARRIE SONDER-MAN—PER CURRIAM: For the reason stated in the *Granite State Provident Association* v. *Lloyd, supra,* the judgment in this case is affirmed.

*Judgment affirmed.*